IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

CENTRAL DIVISION

Before the Honorable Wayne R. Ellison, Judge

Department Fifty-Four

-o0o-

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) | No. F06907221 |
| Plaintiff, | ) ) | |
| vs. | ) ) | CHANGE OF PLEA |
| FIDENCIO HERNANDEZ DUARTE, | ) ) | |
| Defendant. | ) ) | |

Fresno, California                December 18, 2006

-o0o-

REPORTER'S TRANSCRIPT

-o0o-

A P P E A R A N C E S:

FOR THE PEOPLE:     ELIZABETH EGAN, District Attorney
                    of the County of Fresno
                    BY:  Gabriel Brickey
                         Deputy District Attorney

FOR THE DEFENDANT:  PAUL HINKLY, Acting Public Defender
                    of the County of Fresno
                    BY:  Marvin Schultz
                         Deputy Public Defender

-o0o-

REPORTED BY:
KRISTI GARCIA, CSR, RPR
LICENSE NO. 9111

COPY

1       DECEMBER 18, 2006 - MORNING SESSION

2              (The following proceedings were held in open

3              court, in the presence of Court, Counsel and

4              the Defendant:)

5              (Whereupon the proceedings are in progress.)

6       THE COURT:  Back on the record in the matter of the

7  People of the State of California versus Fidencio Duarte.  The

8  record should reflect counsel and Mr. Duarte are present.

9       And so, Mr. Duarte, you've decided to accept the People's

10 offer here; is that right?

11      THE DEFENDANT:  Yes.

12      THE COURT:  Okay.  Before I go on I want to make sure

13 you know what we're talking about here, 16-month mitigated

14 lid.  Your attorney argues for probation.  You know, maybe you

15 get it, maybe you don't.  But as long as I don't give you more

16 than 16 months in prison -- and I'm not saying I'm going to do

17 that, sir, but I'm going to say it could happen.

18      THE DEFENDANT:  Yeah.

19      THE COURT:  So I have before me a felony change of plea

20 form dated today.  Are those your initials and signature on

21 that form, sir?

22      THE DEFENDANT:  Yes, sir.

23      THE COURT:  Do you understand the consequences of the

24 change of plea form as set forth in that form and as we've

25 discussed here on the record?

26      THE DEFENDANT:  Yes.

1   THE COURT: You have a right to a jury trial on the
2   issue of your guilt, Mr. Duarte. You understand that?
3   THE DEFENDANT: Yes, sir.
4   THE COURT: That's why you are here, for a jury trial.
5   THE DEFENDANT: Yes.
6   THE COURT: You know what that is, right?
7   THE DEFENDANT: Yeah.
8   THE COURT: You understand there isn't going to be any
9   trial?
10  THE DEFENDANT: Yes.
11  THE COURT: So do you give up that right, sir?
12  THE DEFENDANT: Yes, sir.
13  THE COURT: You also have a right to a trial by the
14  court. Do you understand that?
15  THE DEFENDANT: Yes, sir.
16  THE COURT: And you give up that right, sir?
17  THE DEFENDANT: Yes, sir.
18  THE COURT: You have a right to confront witnesses the
19  District Attorney may bring against you, like that officer
20  that came in here this morning, and have your attorney
21  question those witnesses. Understand that?
22  THE DEFENDANT: Yes. Yes, sir.
23  THE COURT: Do you give up that right?
24  THE DEFENDANT: Yes, sir.
25  THE COURT: You have a right to present evidence in your
26  own defense and have the court subpoena witnesses at no cost

4

1  to you.  Do you understand that?

2       THE DEFENDANT:  Yes, sir.

3       THE COURT:  And you give up that right?

4       THE DEFENDANT: Yes, sir.

5       THE COURT:  Finally, Mr. Duarte, you have a right not to
6  incriminate yourself, not to be made to testify against
7  yourself.  Do you understand that?

8       THE DEFENDANT:  Yes.

9       THE COURT:  You enter this plea you'll be giving up that
10 right and admitting your own guilt.  Understood?

11      THE DEFENDANT:  Yes.

12      THE COURT:  So do you give up that right?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  The form says three years, and it's right, a
15 $10,000 fine and up to 48 months on parole with a return to
16 prison for one year for every parole violation.  And the
17 reason that it's right is because the court could place you on
18 probation, as I said.  And if you are placed on probation that
19 could be for up to five years.  And if you were to violate the
20 terms of probation, like not going to, you know, mental health
21 counseling or maybe, you know, using products like, you know,
22 flammable liquids and starting another fire or something like
23 that, then you could go to prison for the three years.

24      THE DEFENDANT:  I'm not going to use them.

25      THE COURT:  We're all hoping that you are going to.  Put
26 an end here and get your life back together.  But do you

5

1 understand that?
2     THE DEFENDANT:  Yes, sir.
3     THE COURT:  Violate probation.  Otherwise, if I don't
4 give you probation, 16 months is the maximum.  Also, if you
5 are presently on probation or parole in some other case -- and
6 he is still on probation in that misdemeanor; is that right?
7     MR. SCHULTZ:  Correct.
8     MS. BRICKEY:  That's correct.
9     THE COURT:  -- a plea of guilty here will constitute a
10 violation of that probation or parole.  Do you understand
11 that?
12     THE DEFENDANT:  Yes, sir.
13     THE COURT:  And if you are an citizen of the United
14 States a plea of guilty could result if your deportation,
15 exclusion from admission to this country or denial of
16 naturalization.  Understand that also?
17     THE DEFENDANT:  Yeah.  I got papers.
18     THE COURT:  Yeah.  I'm not questioning that either.  You
19 know, you mentioned here registration.  And is there some kind
20 of an arson registration?
21     MR. SCHULTZ:  I think there might be.  I just wanted to
22 be safe and tell them it's a possibility without -- if it's
23 not, it's not.  But I just was concerned about that as a
24 possibility.  And I thought I'd be on the safe side.
25     THE COURT:  Okay.  And Mr. Brickey, do you know anything
26 about that one way or the other?

1    MS. BRICKEY:  I don't.

2    THE COURT:  Me neither.  But I'll just, you know, refer

3 you to Mr. Schultz' advice.  And you've heard from him about

4 that.

5    I did want to ask the People, though, in the presence of

6 Mr. Duarte, is there a restitution issue?  Was there any loss

7 as a result of this besides trash or leaves?

8    MS. BRICKEY:  Well, Your Honor, the -- it appears there

9 might have been some damage to one of the dumpsters -- or the

10 dumpster that's alleged in the complaint.  When I looked at

11 the photo it appears there was some charring.  Beyond that,

12 no.

13    THE COURT:  No.  I will mention to you, Mr. Duarte, that

14 sometimes the fire department in cases like this likes to

15 recover their costs.  And it could be as a result of this plea

16 that you'd be required to pay some of the costs of the fire

17 department coming out there.  You understand?

18    THE DEFENDANT:  (No verbal response.)

19    THE COURT:  You have to answer out loud.

20    THE DEFENDANT:  Yes, sir.

21    THE COURT:  Okay.  And you still want to go ahead?

22    THE DEFENDANT:  Yes.

23    THE COURT:  Then, sir, other than the agreements that

24 have been stated right here in open court this afternoon in

25 your presence or otherwise set forth in this change of plea

26 form that you signed, have there been any other promises or

7

1  agreements of any kind or threats of any kind made to you get
2  you to enter this plea?
3      THE DEFENDANT:  No.
4      THE COURT:  I mean, you should be clear on that.  Nobody
5  has promised you anything other than what we talked about
6  right here?
7      THE DEFENDANT:  They just promised to see if I can get on
8  a program.
9      THE COURT:  Right.  And, you know, that's what your
10 attorney is going to argue.  But you've got no promise that
11 that's going to happen.
12     THE DEFENDANT:  No.  No.
13     THE COURT:  Nobody has threatened you to get you to do
14 this, have they?
15     THE DEFENDANT:  No.
16     THE COURT:  Factual basis?
17     MR. SCHULTZ:  We'd stipulate the court would find
18 sufficient facts in the investigative reports and the
19 preliminary hearing transcript to justify the plea.
20     THE COURT:  Okay.
21     MS. BRICKEY:  People would stipulate to People vs. West
22 as well.
23     THE COURT:  Good.  And you agree as well, sir?
24     THE DEFENDANT:  Yes, sir.
25     THE COURT:  I wasn't at the prelim, but you heard the
26 testimony at the prelim?

8

1    THE DEFENDANT:  Yes.

2    THE COURT:  You agree if I were to consider that to be a
3 basis for what you are going to admit right now --

4    THE DEFENDANT:  Yes.

5    THE COURT:  All right.  Then, sir, how do you plead to a
6 felony violation of Penal Code Section 451D as alleged in the
7 information -- and does it matter which count?

8    MS. BRICKEY:  No.

9    THE COURT:  -- that's arson of the property of another
10 referring to this Allied Waste trash can that we're talking
11 about here, how do you plead, sir, guilty or not guilty?

12    THE DEFENDANT:  Guilty.

13    THE COURT:  Court accepts the plea.  Finds it to be
14 voluntarily, knowingly and intelligently made and a factual
15 basis exists for it.  Motion by the People as to Count Two?

16    MS. BRICKEY:  People move to dismiss in light of plea
17 reserving right to comment on sentence and restitution.

18    THE COURT:  Motion is granted.  Now, counsel, I'll tell
19 you what a statutory date is and I'll leave it to you.  I
20 don't know whether there is some referrals that you want to
21 try to make here, Mr. Schultz.

22    MR. SCHULTZ:  I think we'll have time within the
23 statutory period.

24    THE COURT:  Okay.  Today is the 18th of December, right?
25 That means that 20 court days from today's date would be the
26 18th of January.  It's a Thursday.  Is that okay with you,

1  Mr. Schultz?

2      MR. SCHULTZ:    That works.

3      THE COURT:    Yeah.

4      MR. SCHULTZ:    8:30?

5      THE COURT:    It will be at 8:30 in this department, yeah.

6      All right.  I'm going to set the matter for hearing on

7  the report of the Probation Department and pronouncement of

8  judgment in this court on January 18th, 8:30.  See you back

9  then, counsel.

10     MS. BRICKEY:    Thank you, Your Honor.

11     THE COURT:    Thanks.

12                          -oOo-

13 STATE OF CALIFORNIA )
                       ) ss.
14 COUNTY OF FRESNO    )

15

16     I, KRISTI GARCIA, Official Certified Shorthand

17 Reporter for the County of Fresno, State of California, do

18 hereby certify that the foregoing pages, in the matter of

19 People vs. Duarte, comprise a full, true, and correct

20 statement of the proceedings as reflected therein.

21

22     DATED:  Fresno, California
                03/18/2008
23

24                                 _____
                                   KRISTI GARCIA, CSR, RPR
25                                 LICENSE NO. 9111

26