1

```
            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

                    IN AND FOR THE COUNTY OF FRESNO

                              CENTRAL DIVISION

              Before the Honorable Wayne R. Ellison, Judge

                             Department Eleven

                                   -oOo-

THE PEOPLE OF THE STATE        )    No.  F06907221
OF CALIFORNIA,                 )
                               )
                Plaintiff,     )
                               )
       vs.                     )    R.P.O. & JUDGMENT
                               )
FIDENCIO HERNANDEZ DUARTE,     )
                               )
                Defendant.     )
_____)

Fresno, California                          April 27, 2007

                                  -oOo-
                          REPORTER'S TRANSCRIPT
                                  -oOo-

A P P E A R A N C E S:

FOR THE PEOPLE:          ELIZABETH EGAN, District Attorney
                         of the County of Fresno
                         BY:  Stacey Phillips
                              Deputy District Attorney

FOR THE DEFENDANT:       PAUL HINKLY, Acting Public Defender
                         of the County of Fresno
                         BY:  Adrienne Harbottle
                              Deputy Public Defender

FOR THE PROBATION        LINDA PENNER, Chief Probation
DEPARTMENT:              Officer of the County of Fresno
                         BY:  Kristine Ruiz
                              Deputy Probation Officer

                                  -oOo-
```

REPORTED BY:
KRISTI GARCIA, CSR, RPR
CERTIFICATE NO. 9111

COPY

APRIL 27, 2007 - AFTERNOON SESSION

  (The following proceedings were had in open court in the presence of the Court, Counsel, and the Defendant:)

THE COURT: Calling the matter the Fidencio Duarte.

MS. HARBOTTLE: Adrienne Harbottle on his behalf. He's present in court in custody.

MS. PHILLIPS: Stacey Phillips for the People.

MS. RUIZ: Christine Ruiz, Probation.

THE COURT: This is the time for hearing on the report of the Probation Department and pronouncement of judgment as well as hearing on the report on a return from a diagnostic study. Counsel, just to clarify, this case actually did not come through this department. It came out of my trial department, 54, on a plea, taken, I believe, with Mr. Schultz representing Mr. Duarte.

So I have read and considered the original probation report as well as the report on a return from diagnostic study. And apart from updating time credits, any additions, corrections or deletions to that report?

MS. HARBOTTLE: No, Your Honor.

THE COURT: So I want to ask a question before we go further. It says this is a plea agreement with a 16-month lid offered by the DA. No indicated by the court.

MS. PHILLIPS: Correct.

THE COURT: I just want to make sure that's everyone's

1  understanding here.
2      MS. HARBOTTLE:  Yes.
3      THE COURT:  Then any cause why judgment should not now
4  be pronounced?
5      MS. HARBOTTLE:  No, Your Honor.
6      THE COURT:  Waive arraignment for judgment?
7      MS. HARBOTTLE:  So waived.
8      THE COURT:  Want to be heard?
9      MS. HARBOTTLE:  Yes.  Mr. Duarte would be requesting
10 probation, Your Honor.  According to the probation report
11 there is -- his past criminal record is not that extensive.
12 In addition, his son had recently passed away from cancer
13 which sent him into, basically, a spiral and he went the wrong
14 direction due to grief over the loss of his son.
15     THE COURT:  Yeah.  Counsel, I understood that.  And as a
16 practical matter, that's what caused the court to send
17 Mr. Duarte for a diagnostic in the first place, because I
18 thought we needed to have some psychological evaluation of
19 Mr. Duarte and the circumstances relating to the unfortunate
20 loss of his little boy, who was, as I recall, from this
21 diagnostic study passed away in 2004.
22     MS. HARBOTTLE:  Yes.
23     THE COURT:  The most important thing and the reason I
24 asked you whether you really wanted to go ahead or wait for
25 Mr. Schultz, if you read this report on a return from
26 diagnostic study the psychiatric evaluation accepts that, you

4

1  know, Mr. Hernandez -- excuse me, Mr. Duarte has suffered this
2  loss and continues to have consequences from it, but it also
3  says that he continues to represent a threat to the community.
4       MS. HARBOTTLE:  That's my understanding.
5       THE COURT:  By setting fires and he's back here setting
6  fires again.  All of it behind, apparently, you know, his
7  psychological problems and alcoholism.  So I guess the long
8  and short of it is if the court grants probation what are you
9  proposing we do about those things?
10      MS. HARBOTTLE:  Your Honor, if the court's indicating it
11 may grant probation we'd like to continue sentencing out in
12 order to try to get him into some type of treatment program.
13      THE COURT:  Okay.  Well, let me think about that for a
14 moment and hear from the People.  You know, Ms. Phillips, in
15 spite of what I just said here, in reading this report from
16 the -- at least the CDC's -- the psych evaluator, it looked
17 like it was a little unclear what they thought about
18 Mr. Duarte here.  The bottom line on this is, and I can't
19 recall the exact details of the last offense -- but it was
20 something on the nature of lighting some garbage that was out
21 on the street or in the parking lot of a shopping center on
22 fire which was virtually immediately put out.
23      MS. PHILLIPS:  That's correct.
24      THE COURT:  That's the basic gist of this crime?
25      MS. PHILLIPS:  Yes.
26      THE COURT:  He was also lighting his breath on fire with

1  lighter fluid or something outside the house when the police
2  arrived?
3       MS. PHILLIPS:  I think so.
4       THE COURT:  What do the People think about -- as opposed
5  to a commitment to CDC -- not that you are recommending it,
6  but some kind of treatment program that deals with his
7  alcoholism and other problems that are reflected in this
8  report?
9       MS. PHILLIPS:  Your Honor, I think it's a big risk for
10 the community.  Mr. Duarte is not someone I really want to
11 send to prison.  I think he's got some problems.  But I also
12 don't know that we are equipped to handle those problems.  In
13 the meantime, we're placing the public at risk by not keeping
14 him in a locked facility.
15      THE COURT:  I think this is a tough case.  Ms. Ruiz,
16 what does probation think?
17      MS. RUIZ:  Probation concurs with the People, Your
18 Honor.
19      THE COURT:  Well, let me just say -- Ms. Harbottle, I'll
20 let you talk to Mr. Duarte about this and the two of you could
21 decide what you'd like to do.  I don't know there is any
22 facility available that's going to satisfy I think the
23 reasonable concerns expressed by the People and Probation
24 here.  But I'm prepared to give you and Mr. Schultz an
25 opportunity to try and find something that may satisfy those
26 concerns if that's what you want to do.  Otherwise, I'll

1  accept the 16-month mitigated term.
2       MS. HARBOTTLE:   Let me speak to --
3            (Whereupon the Defendant speaks off the record
4            to his attorney.)
5       THE COURT:   The truth is I want you to share with
6  Mr. Duarte I think it's important that given his likely time
7  credits are right now --
8       MS. RUIZ:   331 total days.
9       THE COURT:   -- if he's going to go into treatment he's
10 going have to waive those time credits to do that.  He may be
11 better off in terms of actual custody time to do the actual 16
12 months, but I'll let you talk to him.
13           (Whereupon a brief off-the-record
14           discussion was held.)
15      THE COURT:   Back on the record in the matter of the
16 People of the State of California versus Fidencio Duarte.
17      MS. HARBOTTLE:   Mr. Duarte is prepared to accept the 16
18 months.
19      THE COURT:   All right.  Then matter submitted by all
20 parties?
21      MS. PHILLIPS:   Yes.
22      THE COURT:   Mr. Duarte, for the reasons we've discussed
23 here, and I understand your decision here, sir, and in light
24 of the nature of the danger you represent to the community as
25 set forth in this diagnostic study the court is denying any
26 grant of probation in this matter.  I'm ordering you committed

1  to the Department of Corrections, back there, for a mitigated
2  16-month term time. Credits totalling?
3       MS. RUIZ:   331 total days; 221 actual and 110 good
4  time/work time.
5       THE COURT:   Also ordering a $200 probation -- excuse me,
6  $200 mandatory restitution fine as well as $200 parole
7  revocation fee. That's stayed pending revocation of parole.
8  A $20 court security fee. And I'm ordering you to provide
9  samples of your blood and saliva, thumb and palm prints as
10 required by Penal Code Section 296. Good luck, sir.
11      MS. RUIZ:   Your Honor, we're going to need to have him
12 register as an arsonist pursuant to --
13      MS. PHILLIPS:   457.1.
14      THE COURT:   Further orders are that you are to register
15 with local law enforcement once you are released from custody
16 as an arsonist under Penal Code Section 457.1. Your parole
17 officer will explain to you how to do that.
18      THE DEFENDANT:   Excuse me, Your Honor. Since I've been
19 in like eight months, how much time I got left?
20      THE COURT:   The probation officer here could probably
21 give you a pretty good idea of how much time you've got left.
22      THE DEFENDANT:   Okay.
23      MS. RUIZ:   About two and a half months.
24      THE DEFENDANT:   Two and a half months?
25      THE COURT:   Yeah. You'll be out in about July. Okay?
26      THE DEFENDANT:   Okay.

8

1                              -oOo-

2   STATE OF CALIFORNIA )
                        ) ss.
3   COUNTY OF FRESNO    )

4

5       I, KRISTI GARCIA, Official Certified Shorthand

6   Reporter for the County of Fresno, State of California, do

7   hereby certify that the foregoing pages, in the matter of

8   People vs. Duarte, comprise a full, true, and correct

9   statement of the proceedings as reflected therein.

10

11      DATED:  Fresno, California

12              03/10/2008

13

                                    _____
14                                  KRISTI GARCIA, CSR, RPR
                                    LICENSE NO. 9111
15

16

17

18

19

20

21

22

23

24

25

26